

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2007

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2897

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chen v. Atty Gen USA" (2007). *2007 Decisions.* Paper 372.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/372

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2897

———————

HU CHENG CHEN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

———————

On Petition for Review of a Decision
of the Board of Immigration Appeals
(BIA Nos. A98-113-246)
Immigration Judge: Eugene Pugliese

———————

Submitted under Third Circuit LAR 34.1(a)
September 14, 2007

BEFORE: RENDELL, FUENTES, and CHAGARES, <u>Circuit Judges</u>

(Filed: September 26, 2007)

———————

OPINION OF THE COURT

———————

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Hu Cheng Chen is a Chinese citizen.  He petitions for review of a final order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying him asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  The narrow issue before us is whether substantial evidence supported the IJ's determination that Chen was not credible.  Because we conclude that the IJ's decision was supported by substantial evidence, we will deny the petition for review.

I.

We write only for the parties and assume their familiarity with the record.  The Government initiated removal proceedings against Chen, a native and citizen of China, on April 18, 2004.  The notice of removal charged that Chen had unlawfully entered the United States on or about April 12, 2004, and was not admitted or paroled by an immigration officer following his entry into this country.  At a hearing before the IJ on September 9, 2004, Chen conceded removability but applied for asylum, withholding of removal, and relief pursuant to the CAT.

The crux of Chen's claims for relief is that he suffered persecution in China on account of his Christianity, and that he fears further persecution if he is forced to return.  At the evidentiary hearing before the IJ, Chen, the sole witness, testified that he became a practicing Christian in 2001, and that since that time he has frequently visited the library to read books related to Christianity as well as the Bible.  Chen further testified that he joined a Christian church in his hometown which had about seventy or eighty other

parishioners, and that he was an active member.

Chen claimed that on January 10, 2004, Chinese authorities interrupted a meeting at his church. According to Chen, seven or eight police officers entered the meeting and arrested Chen and approximately ten other attendees. Thereafter, officers took Chen to a detention center where he was interrogated, tortured and severely beaten. As a result of this beating, Chen claims that he suffered, inter alia, severe pain, feelings of nausea, and a loss of sexual function.

Chen testified that he was released the following day, January 11, 2004, only after his parents borrowed 3,000 yuan from a family friend to post Chen's bail. Chen stated that he was fired from his job on account of his detention and his religious beliefs. He further stated that a village leader came to his home to warn him that he should follow Communism, not Christianity. The collective impact of these events, Chen claims, caused him to become depressed, and he fled China with the aid of his friends and relatives on March 31, 2004.

In addition to his testimony, Chen provided various documentary evidence in support of his claims, including, church-related documents, family letters, medical records, and photos. Following the evidentiary hearing, the IJ issued an oral decision on March 2, 2005 concluding that Chen's claims of persecution were not credible, and accordingly denying all of Chen's requests for relief. Regarding credibility, the IJ observed, inter alia, that many of the medical records Chen submitted purporting to document the injuries he suffered on December 10 and 11 appeared to be forgeries, citing

the colloquial and imprecise language contained therein. In this respect, the IJ also noted several inconsistencies between Chen's testimony and his written submissions regarding the events of December 10 and 11, as well as his inability to answer basic questions about his religion. Finally, the IJ noted that Chen had adduced no evidence that he had sought any medical treatment for conditions he claimed remained ongoing. For all of these reasons, the IJ held that Chen had failed to carry his burden to show that he was entitled to the relief he sought.

By decision dated May 11, 2006, the BIA affirmed IJ's decision. In addition to accepting the reasons underlying the IJ's adverse credibility determination, the BIA further observed that Chen had not included basic details regarding the events of December 10 and 11, such as the name of his pastor, doctor, village leader, or the person who furnished Chen's bail money. The BIA also noted that Chen's former pastors, in a letter submission, made no mention of the fact that Chen was injured during his detention. Accordingly, the BIA declined to disturb the IJ's credibility determination.

## II.

We review the BIA's decision under the familiar substantial evidence standard. Under this "extremely deferential" standard, Fiadjoe v. Attorney General, 411 F.3d 135, 165 (3d Cir. 2005), we will not reverse the BIA as long as "a reasonable fact finder could make a particular finding on the administrative record." See Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003). Where, as here, the denial of relief hinges on an adverse credibility determination, we are constrained to deny the petition for review as long as

that determination is "supported by evidence that a reasonable mind would find adequate." Id. As we have noted, "an IJ is normally in the best position to make credibility determinations as he is uniquely qualified to decide whether an alien's testimony has about it the ring of truth." Chen v. Gonzales, 434 F.3d 212, 220-21 (3d Cir. 2005) (internal quotation marks omitted). Finally, we review the IJ's opinion to the extent the BIA adopted it. See Miah v. Ashcroft, 346 F.3d 434, 439 (3d Cir. 2003); Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001).

In this case, the IJ found unpersuasive Chen's testimony about religious persecution he allegedly suffered due to his inability to answer several basic questions about his religious practice in China. Furthermore, as the BIA noted, Chen was unable to provide basic corroborating details regarding the single event of persecution he suffered on account of his religion, such as the name of his pastor. Given Chen's professed tenure at the church, the small size of the congregation and his inability to provide even a rudimentary level of detail, it was certainly reasonable for the BIA to doubt the veracity of Chen's story.

Finally, as the IJ noted, the documents Chen offered to corroborate his testimony concerning the injuries he allegedly suffered during his arrest and/or detention appeared to be forged. Significantly, nowhere in Chen's brief does he even so much as address the IJ's finding that the medical records Chen submitted were forgeries, preferring instead to attack other aspects of the IJ's adverse credibility determination. Chen similarly offers no explanation for his failure to provide evidence that he has sought medical treatment for

conditions he claims remain ongoing. These omissions speak volumes, because Chen's submission of fraudulent evidence, as well as his failure to submit authentic corroborating evidence, bear directly on the veracity of the claims themselves. These failures, taken together with Chen's failure to challenge other BIA determinations pertaining to the absence of detail surrounding the events central to Chen's claims, compel us to conclude that the IJ's adverse credibility determination was supported by substantial evidence.

III.

For the foregoing reasons, we will deny the petition for review.